**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frank CORDOVA–GONZALEZ, a.k.a. Frank Cordova, a.k.a. Frank Efraim Cordova, Defendant–Appellant.**

No. 15-10342

United States Court of Appeals, Ninth Circuit.

Submitted September 27, 2016 *

Filed October 3, 2016

Angela Marie Martinez, Assistant U.S. Attorney, USTU–Office of the US Attorney, Tucson, AZ, for Plaintiff–Appellee.

J. Ryan Moore, Assistant Federal Public Defender, Matei Tarail, Assistant Federal Public Defender, FPDAZ–Federal Public Defender's Office (Tucson), Tucson, AZ, for Defendant–Appellant.

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Frank Cordova–Gonzalez appeals from the district court's judgment and challenges the 18–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cordova–Gonzalez argues that the district court erred in imposing a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his 2006 Nevada state court conviction for robbery pursuant to Nev. Rev. Stat. § 200.380. We review de novo the district court's determination that a defendant's prior state court conviction qualifies as a crime of violence for purposes of U.S.S.G. § 2L1.2. *See United States v. Becerril–Lopez*, 541 F.3d 881, 889 (9th Cir. 2008). Contrary to his contention, Cordova–Gonzalez's argument is foreclosed by our decision in *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) ("[A] conviction under Nev. Rev. Stat. § 200.380 categorically qualifies as a crime of violence.").

Furthermore, we note that the district court concluded that the 16–level enhancement required under U.S.S.G. § 2L1.2(b)(1)(A) overstated Cordova–Gonzalez's criminal history, and accordingly varied downward from a guidelines range of 41–51 months to impose an 18–month sentence.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.